## TAYLOR v. BEVERAGE et al. *
### Patent Appeal No. 3344.

Court of Customs and Patent Appeals.

Dec. 10, 1934.

J. F. Mothershead, of Washington, D. C. (H. L. Godfrey, of Washington, D. C., and Irl R. Goshaw, of Nutley, N. J., of counsel), for appellant.

H. G. Grover, of New York City (Harry Tunick, of New York City, of counsel), for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office in an interference proceeding, reversing a decision of the Examiner of Interferences, and awarding priority of invention upon the counts involved to appellees.

There are four counts in the issue; count 1 is illustrative of the counts involved and reads as follows:

"1. A receiving system for high frequency signals comprising a plurality of radio frequency energy collecting circuits, separate receiving circuits coupled with said radio frequency energy collecting circuits, said radio frequency collecting circuits being separated by at least a considerable fraction of the wave length of the transmitted signals, independent high frequency oscillators connected with each of said receiving circuits, said oscillators being arranged to operate at slightly separated frequencies, a common output circuit for said receiving circuits and a responsive device coupled to said common output circuit whereby signaling energy over a band of

audio frequencies provided by said radio frequency energy collecting circuits actuate said responsive device."

The interference arises between a division of appellees' application filed March 15, 1928, and a patent issued to appellant on May 8, 1928, upon an application filed February 17, 1927. Appellees' parent application was filed January 2, 1926, and, as it disclosed the invention here involved, appellees are entitled to said earlier date for conception and reduction to practice. Inasmuch as said application was pending when appellant's patent was issued, such issue was inadvertent and appellees are the senior parties in the interference; therefore the burden was upon appellant to establish by a preponderance of evidence priority of invention by him.

Originally another party, one Heising, was a party to the interference, but did not appeal from a decision by the Examiner of Interferences adverse to him.

The invention involved is succinctly described in the decision of the Board of Appeals as follows:

"The invention in issue relates to a system for eliminating fading of received radio waves. It is stated that this fading effect is especially pronounced at short wave lengths at relatively closely separated receiving points, say 1,000 feet apart, and that the received waves vary haphazardly in intensity and in phase at these points. Inasmuch as these waves vary in phase as well as in intensity they may not be collected at a plurality of points and combined so as to give a better mean intensity as due to the difference in phase a combination often would result in an aggravated fading condition and the waves may when combined even cancel one another. The invention in issue solves the difficulty by using local oscillators or generators associated with each of the separated receiving antennæ and these oscillators are operated at different frequencies so that the beat waves are of different audio frequencies and are combined to give a composite tone, which tone always exists in spite of variations in phase of the received waves. An essential feature is the difference in frequency of the various oscillators."

Appellant in his preliminary statement alleged conception, disclosure, and reduction to practice of the invention in April, 1925. Appellees, in their preliminary statement, alleged conception and disclosure of the invention in November, 1923, and reduction to practice on September 15, 1925. Both parties took testimony.

The Examiner of Interferences held that appellees failed to establish any date of conception prior to conception and reduction to practice by appellant, and impliedly gave to appellees the filing date of their parent application, January 2, 1926, for conception and reduction to practice. Appellees' counsel, for the purposes of this case, accept such finding of the Examiner of Interferences as correct.

There is but one question presented to us for review, and that is whether or not appellant has established by a preponderance of evidence reduction to practice of the invention in April, 1925. If he has not, we do not understand appellant's counsel to contend that, being the first to conceive the invention, he was diligent in reducing it to practice at and immediately prior to the time that appellees entered the field.

Appellees concede that appellant conceived the invention in April, 1925, but contend that whatever appellant did with respect to the invention in April, 1925, should be considered as an abandoned experiment.

As hereinbefore noted, the Examiner of Interferences found that appellant had conceived and reduced the invention to practice in April, 1925. Upon appeal the Board of Appeals held that, while the evidence established that appellant conceived the invention in April, 1925, the evidence introduced by him was insufficient to establish reduction to practice prior to appellees' filing date, and further found that appellant was not diligent in reducing the invention to practice at the time appellees entered the field. Therefore the decision of the Examiner of Interferences was reversed and priority of invention was awarded to appellees.

It appears from the testimony of appellant, Dr. Taylor, that he has held the position of superintendent of the radio division of the Naval Research Laboratory at Anacostia, D. C., since 1923; that he had as his assistant a radio engineer named Leo C. Young; that in April, 1925, he conceived the invention here involved, made sketches, set up apparatus embodying the invention, and used it in receiving signals from many amateur stations; that on April 16, 1925, he made a report to the bureau of engineering of the Navy Department explaining the invention and in said report requested that said bureau take steps to patent the invention in his, appellant's, name; said report was placed in evidence, and neither its authenticity nor date is questioned by appellees.

Said Leo C. Young corroborated Dr. Taylor as to the disclosure of the invention by

him, the setting up of apparatus embodying the invention and operating it in receiving signals from amateur stations. With respect to the success of such tests, Young, upon cross-examination by counsel for Heising, then a party to the interference, testified as follows:

"X–Q. 15. When you operated the apparatus which you helped set up with Dr. Taylor, did the apparatus operate successfully for the purpose for which it was designed? A. Yes, sir.

"X–Q. 16. In what way did you tell as to whether the operation was successful? A. As a rule, we would either have another receiver running or first cut off one receiver and then the other and get a combination and note whether there was any improvement or not; in other words, by readability of the signals.

"X–Q. 17. Over approximately what length of time was such comparison made? A. Well, I cannot remember that particular apparatus. It was probably a period of a month or so.

"X–Q. 18. How long was the duration of the individual observation by which you judged whether the operation was successful on a particular day? A. The individual observations would sometimes cover a few minutes and very often they would cover a period of hours."

While counsel for appellees was present during the taking of this testimony, he did not object to the questions asked by counsel for Heising or the answers given by the witness Young.

The Board of Appeals, as we have already noted, found that the evidence established conception of the invention by appellant in April, 1925. It also found that the evidence established that apparatus embodying the invention was set up and used in April, 1925. We are clear that the Board was correct in said findings. It appears to have been the view of the Board that if the evidence on behalf of appellant be given full credit, reduction to practice of the invention was established, but that the evidence was too general to be satisfactory, and the Board specially commented upon the fact that the evidence did not establish the particular amateur stations from which signals were received. The Board said:

"* * * It would seem to us that tests made with amateur stations should be made the subject of a record of some sort, recording just what was done and with what stations. * * *"

The Board also stated that if the tests were successful, it would have been natural that some notes would have been made at the time the tests were taking place, and no such evidence was produced.

Appellees make the point that the oral testimony in behalf of appellant was given in June, 1931, more than six years after the events testified to occurred, and invoke the rule that such testimony should be weighed with extreme caution. This is a salutary rule, which has often been applied by the courts, but the rule does not require that oral testimony shall be disregarded solely because given many years after the taking place of the event to which the testimony relates.

In the case at bar, the time of testing the apparatus embodying the invention was fixed by reference to the time the United States Naval Fleet made a cruise to Australia and New Zealand. The date of this cruise was established by the introduction in evidence of a certified copy of the logbook of the U. S. S. Seattle from April 14, 1925, to April 20, 1925, which ship was then the flagship of the fleet. The testimony shows that certain apparatus was sought to be tested in communications with the Seattle, but we agree with the Examiner of Interferences and the Board of Appeals that the evidence does not establish that the apparatus used in receiving signals from the Seattle embodied the invention here involved. However, the actual dates of the cruise of the fleet are material, when the tests involved are testified to have taken place with reference to such cruise.

We have examined the testimony of Dr. Taylor and the witness Young with care, and we find nothing therein which leads us to believe that they may be mistaken either as to the facts of the tests or the time when they took place.

It is true that neither appellant nor Young could remember the names of the amateur stations with which the invention was tested. Had they given such names, purportedly from memory only, in view of the evidence that they were constantly receiving signals from such stations for many purposes, we should be inclined to the opinion that such testimony would weaken their testimony as to the result of the tests rather than strengthen it, for it would not have been natural for these witnesses, under the circumstances, to have remembered the stations from which signals were received, while it would be natural that they should remember the facts with respect to the actual tests of the apparatus embodying the invention.

While the testimony of appellant is not as direct with respect to the result of the tests as the testimony of Young, we think a fair construction of all of appellant's testimony with respect to tests of the invention is that said tests were successful in demonstrating the practical operability of his invention. As heretofore noted, the testimony of Young is direct upon this point.

The Board of Appeals also stated:

"* * * If it was the desire to show that the fading effect was avoided, it would seem necessary to record that with some other apparatus not employing the invention in issue that fading did occur from the signals received whereas the fading was avoided in the apparatus in issue. * * *"

Upon this point we think that the testimony of Young hereinbefore quoted is clear that, in substance, the tests here in issue were of the character that the Board indicated should have been made. He testified that in making the tests they would either have another receiver running or first cut off one receiver and then the other and get a combination by which it was noted whether there was any improvement in the employment of the invention here in issue.

In view of the entire evidence, we are constrained to hold, as did the Examiner of Interferences, that conception and reduction to practice of the invention in April, 1925, was established by appellant, and that he should be awarded priority of invention upon the counts before us.

The decision of the Board of Appeals is reversed.

Reversed.